25-cv-06575 (JAV)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEISHA ARCHIBALD, as Parent and Natural Guardian
of N.A, and KEISHA ARCHIBALD, Individually,

Plaintiff,

- against -

MELISSA AVILES-RAMOS, in her official capacity as
Chancellor of the New York City Department of
Education, and the NEW YORK CITY DEPARTMENT
OF EDUCATION,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:*

Taylor B. Fowlks
Tel: (212) 356-3504
tfowlks@law.nyc.gov

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..........................................................................................................I

TABLE OF AUTHORITIES ..............................................................................................II

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL BACKGROUND ............................................................................................. 2

STANDARD OF REVIEW ................................................................................................ 4

ARGUMENT ..................................................................................................................... 6

      POINT I ...................................................................................................... 6

           PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO EXHAUST ALL ADMINISTRATIVE REMEDIES. ..............................................................6

      POINT II ..................................................................................................... 10

           PLAINTIFF'S CLAIM FOR IMPLEMENTATION AND ENFORCEMENT OF THE UNDERLYING ADMINISTRATIVE ORDER IS MOOT. ................................................10

      POINT III...................................................................................................... 12

           PLAINTIFF'S CLAIMS FOR ATTORNEYS' FEES ARE UNRIPE. ............................................................................12

      POINT IV...................................................................................................... 12

           PLAINTIFF'S CLAIM FOR LATE FEES IS MERITLESS AND SHOULD BE DISMISSED UNDER RULE 12(B)(6). ........................................................................12

CONCLUSION.................................................................................................................. 14

CERTIFICATE OF COMPLIANCE................................................................................ 16

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                                **Pages**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................................5

*Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,*
    968 F2d 196 (2d Cir.1992)........................................................................................4

*B.C. v. Pine Plaints Cent. Sch. Dist.,*
    971 F. Supp. 2d 356 (S.D.N.Y. 2013)......................................................................6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................................5

*Biro v. Condé Nast,*
    807 F.3d 541 (2d Cir. 2015).....................................................................................5

*Blackwelder v. Safnauer,*
    866 F.2d 548 (2d Cir. 1989)...................................................................................10

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.,*
    532 U.S. 598 (2001) (Scalia, J., concurring) ...........................................................2

*Canning v. Admin. for Children's Servs.,*
    588 F. App'x 48 (2d Cir. 2014) ...............................................................................4

*Carter v. HealthPort Techs, LLC,*
    822 F.3d 47 (2d Cir. 2016)........................................................................................4

*Castillo v. Rice,*
    581 F. Supp. 2d 468 (S.D.N.Y. 2008)......................................................................4

*Cave v. E. Meadow Union Free Sch. Dist.,*
    514 F.3d 240 (2d Cir. 2008) .................................................................................7, 8

*Chaperon v. Banks,*
    24 Civ. 5135, 2025 WL 2207908 (S.D.N.Y. Aug. 4, 2025) ..............................13, 14

*Cohen v. Aviles-Ramos et al.,*
    25 Civ. 1195 (JMF), 2025 WL 3715102 (S.D.N.Y. Dec. 22, 2025)......................11

*Cortec Indus, Inc. v. Sum Holding L.P.,*
    949 F.2d 42 (2d Cir. 1991)........................................................................................5

*Davis v. Banks,*
    No. 22-CV-8184 (JMF), 2023 U.S. Dist. LEXIS 160092
    (S.D.N.Y. Sept. 11, 2023).................................................................................13, 14

*Dukes ex rel. Dukes v. N.Y.C. Emps. Ret. Sys.*,
    581 F. App'x 81 (2d Cir. 2014) ..................................................................................................4

*F.O. v. New York City Dep't of Educ.*,
    899 F. Supp. 2d 251 (S.D.N.Y. 2012)......................................................................................10

*Faber v. Metro. Life Ins. Co.,*
    648 F.3d 98 (2d Cir. 2011)........................................................................................................13

*First Nationwide Bank v. Gelt Funding Corp.*,
    27 F.3d 763 (2d Cir. 1994),
    *cert. denied,* 513 U.S. 1079 (1995)............................................................................................5

*Giammatteo v. Newton*,
    452 F. App'x 24 (2d Cir. 2011) .................................................................................................4

*Heldman v. Sobol*,
    962 F.2d 148 (2d Cir. 1992)..................................................................................................7, 8

*Honig v. Doe*,
    484 U.S. 305 (1988)...................................................................................................................8

*J.C. v. Regional Sch. Dist. 10*,
    278 F.3d 119 (2d. Cir. 2002).....................................................................................................2

*J.S. ex rel. N.S. v. Attica Cent. Sch.*,
    386 F.3d 107 (2d Cir. 2004)..................................................................................................6, 7

*J.M. v. N.Y.C. Dep't of Educ.,*
    2025 U.S. App. LEXIS 32080 (2d Cir. Dec. 9, 2025) ....................................................6, 7, 8, 9

*Jordan v. Forfeiture Support Assocs.,*
    928 F. Supp. 2d 588 (E.D.N.Y. 2013) .......................................................................................6

*K.C. v. N.Y. City Educ. Dep't*,
    2015 U.S. Dist. LEXIS 134043 (S.D.N.Y. Sept. 30, 2015).....................................................10

*Kee v. U.S.,*
    2020 WL 211535 (S.D.N.Y. May 4, 2020) ...............................................................................7

*Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.*,
    No. 03-CV-I0312, 2005 U.S. Dist. LEXIS 19788 (S.D.N.Y. Sept. 7, 2005) ...........................4

*Lunney v. United States,*
    319 F3d 550 (2d Cir. 2003)........................................................................................................4

*M.F. v. N.Y.C. Dep't of Educ.*,
2024 U.S. Dist. LEXIS 30347 (S.D.N.Y. February 22, 2024) ...............................................10

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000)...................................................................................................4

*Mendez v. Aviles-Ramos,*
25 Civ. 01096, 2025 WL 2793755 (S.D.N.Y. Oct. 1, 2025) ....................................................13

*Mendez v. Banks*,
65 F.4th 56 (2d. Cir. 2023) ....................................................................................................13

*Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*,
297 F.3d 195 (2d Cir. 2002)....................................................................................................7

*Murphy v. Hunt*,
455 U.S. 478 (1982)...............................................................................................................10

*N.Y.C. Emps.' Ret. Sys. v. Dole Food Co.*,
969 F.2d 1430 (2d Cir. 1992)................................................................................................10

*New York City Dep't of Educ v. C.F.,*
2013 U.S. Dist. LEXIS 188437 (S.D.N.Y. June 20, 2013)........................................................9

*Odyssey Marine Exploration, Inc. v. Shipwrecked & Abandoned SS Mantola*,
333 F. Supp. 3d 292 (S.D.N.Y. 2018).......................................................................................4

*People United for Child, Inc. v. City of New York*,
108 F. Supp. 2d 275 ...............................................................................................................4

*Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.,*
288 F.3d 488 (2d Cir. 2002)................................................................................................7, 8

*R.E. v. New York City Dep't of Educ.,*
694 F.3d 167 (2d Cir. 2012)..................................................................................................11

*R.S. v. Bedford Cent. Sch. Dist.,*
899 F. Supp. 2d 285 (S.D.N.Y. 2012)......................................................................................6

*United States v. Medtronic, Inc.,*
18 Civ. 1628, 2024 WL 4165522 (S.D.N.Y. Sept. 12, 2024)..................................................12

*Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*,
215 F.3d 247 (2d Cir. 2000)....................................................................................................4

## Statutes

8 N.Y.C.R.R. 200.5(j)(5) ....................................................................................................................9

20 U.S.C. § 1415(i)(2) ......................................................................................................................6

20 U.S.C. § 1415(i)(3)(B)(i)(l) ......................................................................................................12

20 U.S.C. § 1415(j) ..........................................................................................................................1

FRCP 12(b)(1) ............................................................................................................................2, 4

FRCP 12(b)(6) ......................................................................................2, 5, 6, 8, 10, 12, 14

## PRELIMINARY STATEMENT

Defendants Melissa Aviles-Ramos, in her official capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education (together, "DOE" or "Defendants") submit this memorandum of law in support of their motion to dismiss Plaintiff's Amended Complaint, pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6). ECF No. 18.

Plaintiff filed the instant action, seeking, *inter alia,* implementation of an underlying administrative order, pursuant to 20 U.S.C. § 1415(j), regarding tuition, transportation, and nursing for the 2024-2025 school year. Plaintiff's request is now completely moot. As of May 30, 2025, the IHOIU has paid $328,159.60 towards the Student's pendency tuition and $303,280 towards the Student's pendency nursing through the conclusion of the 2024-2025 school year. Similarly, as of May 30, 2025, the DOE's Bureau of Non-Public Schools Payables ("NPSP") has paid $127,333 towards the Student's pendency transportation. This constitutes the total amounts due for tuition, transportation, and nursing costs for the 2024-2025 school year.

Further, Plaintiff is also seeking reversal of the underlying administrative decision from the State Review Officer ("SRO"), where Plaintiff's appeal was dismissed for untimeliness. Plaintiff appealed the underlying decision after the 40-day deadline, providing no justifiable excuse for the failure to adhere to the deadlines. Accordingly, Plaintiff failed to exhaust all administrative remedies, without any applicable exception.

For the reasons set forth more fully below, the Court should grant DOE's Motion to Dismiss because the DOE has already provided Plaintiff's requested relief and Plaintiff failed to exhaust all administrative remedies. Thus, Plaintiff's claims for reimbursement should be

dismissed with prejudice as moot, pursuant to FRCP 12(b)(1), and their request for fees and costs should be denied, pursuant to FRCP 12(b)(6).

### FACTUAL BACKGROUND

On July 2, 2024, Plaintiff brought a Due Process Complaint ("DPC") against DOE, alleging that DOE failed to provide N.A. with a Free and Appropriate Public Education ("FAPE") for the 2024-2025 school year. ECF No. 18-2 at 2. The DPC was assigned to Impartial Hearing Officer ("IHO") Nicholas Bancroft. ECF No. 18 ¶ 9. Plaintiff also requested a Pendency Order, based on SRO Decision 24-028, which required DOE to fund tuition at iBrain, specialized transportation, and daily nursing services. ECF No. 18-3. On October 15, 2024, IHO Bancroft issued a Findings of Fact and Decision ("FOFD"), identified as FOFD 277153, which found that DOE offered the Student a FAPE. *Id.* ¶ 109. IHO Bancroft denied all of Plaintiff's requested relief, and Plaintiff appealed to the Office of State Review. *Id.* ¶ 110; *see also* ECF No. 18-4.

In a decision from the State Review Officer ("SRO"), identified as SRO Decision 24-545 and dated April 8, 2025, SRO Justyn Bates reversed FOFD 277153 and found that the DOE did not offer the Student a FAPE. ECF No. 18-6 at 23. The SRO remanded the case to IHO Bancroft for Prong II and Prong III determinations. *Id.* SRO Bates also modified the Pendency Order, mandating DOE to fully fund base tuition and transportation, removing the requirement to fund nursing. *Id*. On May 30, 2025, IHO Bancroft issued a decision on remand (hereinafter "remanded decision"). ECF No. 18-7. The remanded decision found that the unilateral placement was inappropriate under Prong II. ECF No. 18-7 at 9. The IHO further found that had Parent met her burden under Prong II, there were not any equitable considerations under Prong III that would have required a reduction of funding. *Id*. Because Parent did not meet their burden under Prong II, the IHO denied all of the Parent's requested relief. *Id.*

Upon issuing the remand decision, the IHO emailed the decision to Plaintiff's counsel, including the attorney present who filed the DPC. ECF No. 18-7 at 6. IHO Bancroft also mailed the decision to another attorney at the firm, a former staff member responsible for internal follow-up. *Id.* Plaintiff had 40 days to appeal the remand decision. ECF No. 18 ¶ 134.

Plaintiff appealed the remand decision on August 25, 2025, about 47 days after the deadline to appeal had expired. ECF No. 18-7 at 5. Because Plaintiff had failed to timely submit an appeal, SRO Bates dismissed the appeal as untimely. *Id.* at 7.

Plaintiff now brings this federal action, seeking: 1) reversal of SRO Bates's dismissal for untimeliness; 2) an order directing that the Student is entitled to pendency funding for tuition, transportation, and nursing; 3) an order directing DOE to fund tuition, transportation, and nursing, including late fees; 4) an order finding that the unilateral placement was appropriate; 5) an order finding that there were no equitable considerations that would warrant a reduction in funding for tuition, transportation, and nursing; 5) a finding that Plaintiff is the prevailing party; and 6) attorney's fees and other costs. ECF No. 18 ¶ 168.

Although Plaintiff alleges that they are entitled to pendency payments, Defendants have fully implemented the Pendency Order. *See* Zonana Declaration ¶ 9. There are no pendency payments currently due. As of May 30, 2025, the DOE's IHOIU has paid $328,159.60 towards the Student's pendency tuition and $303,280 towards the Student's pendency nursing through the conclusion of the 2024-2025 school year. Similarly, as of May 30, 2025, the DOE's NPSP has paid $127,333 towards the Student's pendency transportation. Zonana Declaration ¶ 9. There are no pendency payments currently due. *See* Zonana Declaration ¶ 9.

## STANDARD OF REVIEW

### a) Federal Rule of Civil Procedure 12(b)(1)

The Court should dismiss a case under FRCP 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A Court ruling on a 12(b)(1) motion should "'accept as true all material [factual] allegations of the complaint,' and 'draw all reasonable inferences in favor of the plaintiff[.]'" *See Carter v. HealthPort Techs, LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (quoting *Lunney v. United States*, 319 F3d 550, 554 (2d Cir. 2003)).

The party asserting subject matter jurisdiction must prove its existence by a preponderance of the evidence. *See Canning v. Admin. for Children's Servs.*, 588 F. App'x 48, 49 (2d Cir. 2014); *Dukes ex rel. Dukes v. N.Y.C. Emps. Ret. Sys.*, 581 F. App'x 81, 82 (2d Cir. 2014); *Odyssey Marine Exploration, Inc. v. Shipwrecked & Abandoned SS Mantola*, 333 F. Supp. 3d 292, 300 (S.D.N.Y. 2018) (quoting *Giammatteo v. Newton*, 452 F. App'x 24, 27 (2d Cir. 2011)). The party resisting the motion "cannot rest on conclusory allegations that factual disputes exist." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

In fact, the Court should refrain from drawing inferences in favor of the party asserting subject matter jurisdiction on a Rule 12(b)(1) motion. *See People United for Child, Inc. v. City of New York*, 108 F. Supp. 2d 275, 283 (S.D.N.Y. 2000) (citing *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F2d 196, 198 (2d Cir.1992)). Additionally, the court should not grant leave to amend the complaint because an amendment is considered futile if it cannot defeat a motion to dismiss for lack of subject matter jurisdiction. *See Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.*, No. 03-CV-I0312, 2005 U.S. Dist. LEXIS 19788, at *13-14 (S.D.N.Y. Sept. 7, 2005); *see also Castillo v. Rice*, 581 F. Supp. 2d 468, 476 (S.D.N.Y. 2008).

### b) Federal Rule of Civil Procedure 12(b)(6)

On a motion to dismiss pursuant to FRCP 12(b)(6), courts must accept all allegations contained in the complaint as true and examine whether those allegations contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Plausible claims are those alleging "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of the complaint must be more than speculative and must show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555. At a minimum, a pleading must set forth sufficient information for a court to determine whether the allegations support some recognized legal theory, *Cortec Indus, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991), and enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Bell Atl. Corp*, 550 U.S. at 570. Also, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a court may not take as true "conclusions of law or unwarranted deductions of fact." *First Nationwide Bank v. Gelt Funding Corp*., 27 F.3d 763, 771 (2d Cir. 1994) (internal citation omitted), *cert. denied,* 513 U.S. 1079 (1995).

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO EXHAUST ALL ADMINISTRATIVE REMEDIES.

Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies where Plaintiff fails to timely appeal the SRO decision.

The IDEA contains a mandatory exhaustion provision that requires exhaustion of administrative remedies before the filing of a civil action. 20 U.S.C. § 1415(i)(2); *see J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir. 2004) ("It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court[.]"). Therefore, where a plaintiff does not exhaust all administrative remedies, the court should dismiss under Rule 12(b)(6) for failure to state a claim. *See Jordan v. Forfeiture Support Assocs.,* 928 F. Supp. 2d 588, 593 (E.D.N.Y. 2013) ("...defendant's motion to dismiss...for failure to exhaust her administrative remedies is more properly brought under Rule 12(b)(6), rather than Rule 12(b)(1).")

Mandatory exhaustion extends to procedural requirements. If a party untimely appeals an SRO decision or fails to timely serve the respondent, a plaintiff has not met the exhaustion requirement. *See B.C. v. Pine Plains Cent. Sch. Dist.,* 971 F. Supp. 2d 356, 365 (S.D.N.Y. 2013); *see also* R.*S. v. Bedford Cent. Sch. Dist.*, 899 F. Supp. 2d 285, 291 (S.D.N.Y. 2012) (dismissing Parent's request for tuition reimbursement where Parent untimely served the school district). The Second Circuit recently determined that the requirement is a claim-processing rule, not a jurisdictional one, meaning the court can waive the requirement when a party can present good cause as to why the requirement should not apply. *See J.M. v. N.Y.C. Dep't of Educ.,* 2025

6

U.S. App. LEXIS 32080 at *6 (2d Cir. Dec. 9, 2025); *see also Kee v. U.S.,* 2020 WL 211535 at *7 (S.D.N.Y. May 4, 2020).

As the Second Circuit has explained, the purpose of administrative exhaustion in IDEA cases is to "'channel disputes related to the education of disabled children into an administrative process that could apply administrators' expertise in the area and promptly resolve grievances." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245-46 (2d Cir. 2008) (quoting *Polera*, 288 F.3d at 487). Thus, the exhaustion requirement "allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Polera*, 288 F.3d at 487; *see also Heldman v. Sobol*, 962 F.2d 148, 159 n. 17 (2d Cir. 1992) ("The exhaustion doctrine prevents courts from undermining the administrative process and permits an agency to bring its expertise to bear on a problem as well as to correct its own mistakes.") At a minimum, this process "will at least have produced a helpful record because administrators versed in the relevant issues were able to probe and illuminate those issues for the federal court." *J.S.,* 386 F.3d at 113.

A plaintiff's failure to exhaust may be excused if "(1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002). In a recent decision, the Second Circuit expanded upon the second exception, illustrating the rule's application to a question of law. *See J.M.,* 2025 U.S. App. LEXIS 32080. The exception applies when 1) the policy challenge raises a question of law that

7

does not require a factual inquiry; 2) the challenge raises a technical question that does not require expertise or a full administrative record; or 3) an exception would promote efficiency rather than undermine it. *Id.* at \*20-21.

Though listed separately, these factors generally are analyzed under the "futility" rubric. *See, e.g., Heldman,* 962 F.2d at 159 (exhaustion excused "when pursuit of the administrative remedies would be futile because the agency either was acting in violation of the law or was unable to remedy the alleged injury.") *J.M.* leaves the futility rubric unresolved, as it only addresses the second exception regarding policy or practice. *See J.M.,* 2025 U.S. App. LEXIS 32080. It is the plaintiff's burden to prove the applicability of the exception. *See Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 249 (2d Cir. 2008) (citing *Polera* 288 F.3d at 488 n.8 and *Honig v. Doe*, 484 U.S. 305, 327 (1988)).

Here, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) for a failure to exhaust all administrative remedies. Plaintiff had an opportunity to appeal the merits of the Prong II and II determinations to the SRO. Instead, Plaintiff untimely appealed the remand decision on August 25, 2025, which was about 47 days beyond the July 9 deadline by which the appeal had to be made. ECF No. 18-7 at 5.  Plaintiff's violation of the SRO's rules was an error on their own accord, rather than the SRO. To allege that their own failure to comply was SRO Bates's error is a gross distortion of the facts.

Further, an exception is not applicable to the present facts. Had Plaintiff complied with the rules, as explicitly outlined, and submitted the appeal within 40 days of the IHO remand decision, SRO Bates would have been able to evaluate the merits of Plaintiff's claims. There may have been relief available to Plaintiff had they complied with the procedural requirements. Thus,

an argument that administrative remedies would be futile because SRO Bates was acting in violation of the law is completely inapplicable here.

Plaintiff attempts to assert an exception, stating that the Parent never received the FOFD on remand because "IHO never mailed the May 30, 2025 decision to the Parent or the Parent's attorney, as required under 8 NYCRR 200.5(j)(5)." ECF No. 18 ¶¶ 162-63. As outlined in the regulations, however, "An IHO is required to notify the parents, either in writing or electronically, of the final FOFD." *See* 8 NYCRR 200.5(j)(5). IHO Bancroft complied with the regulations, and Plaintiff does not assert a justifiable reason why the appeal was not submitted timely, notwithstanding the Plaintiff's assertion that the decision was not personally served. This reason does not excuse an untimely filing where personal service is not required. *See* 8 NYCRR 200.5(j)(5). More importantly, IHO Bancroft electronically served the Parent, the Parent's attorney, and another attorney at the firm with a copy of the FOFD. ECF No. 18-7 at 5; *see also New York City Dep't of Educ v. C.F.,* 2013 U.S. Dist. LEXIS 188437 at 4-7 (S.D.N.Y. June 20, 2013) (declining to determine whether the SRO wrongfully denied an appeal based on untimeliness where the defendants argued that the time to respond did not start until they received the decision from the IHO via email). Plaintiff was properly served and failed to timely appeal the decision. Thus, SRO Bates correctly dismissed Plaintiff's appeal as untimely.

The second exception, regarding policy or practice, also does not apply to the present circumstances. The present case does not fall within any of the three categories specified in the recent Second Circuit decision. *See J.M.* 2025 U.S. App. LEXIS 32080 at *20-21. For this exception to apply, a factual inquiry would not be necessary, which is not the case here. The facts are essential to Plaintiff's claims, as a final determination would require an inquiry into whether the IHO actually mailed the decision to the named parties.

Therefore, where Plaintiff failed to exhaust the administrative remedies and where there is not an applicable exception to the requirement, this Court should dismiss Plaintiff's claims under 12(b)(6) for failure to state a claim.

## POINT II

**PLAINTIFF'S CLAIM FOR IMPLEMENTATION AND ENFORCEMENT OF THE UNDERLYING ADMINISTRATIVE ORDER IS MOOT.**

The DOE has fully implemented pendency for N.A. for the 2024-2025 school year, rendering Plaintiff's claim for reimbursement moot. *See Zonana* Declaration ¶ 9.

"A case is moot when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" *Blackwelder v. Safnauer*, 866 F.2d 548, 551 (2d Cir. 1989) (quoting *Murphy v. Hunt*, 455 U.S. 478 (1982)). A moot action must be dismissed, even if the case was live when it was filed but later events rendered it moot. *N.Y.C. Emps.' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992).

Courts in this district regularly dismiss IDEA cases as moot when payments have been made or the requested relief is otherwise granted. *See M.F. v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 30347 (S.D.N.Y. February 22, 2024); *K.C. v. N.Y. City Educ. Dep't*, 2015 U.S. Dist. LEXIS 134043, at *15 (S.D.N.Y. Sept. 30, 2015) ("Because Plaintiffs have not demonstrated that they have a reasonable expectation that they will again be subjected to a delay in the issuance of an SRO decision, the claims in this action are moot."); *see also F.O. v. New York City Dep't of Educ.,* 899 F. Supp. 2d 251, 254 (S.D.N.Y. 2012) ("[T]he relief that Plaintiff's sought in this matter, having the DOE provide a paraprofessional during the 2010-11 school year, has been provided; the school year is over and DOE . . . provided the paraprofessional. Plaintiff's' claim is therefore moot.")

10

Here, the DOE fully complied with the underlying administrative order, paying N.A.'s tuition, transportation, and nursing costs in full. Zonana Declaration ⁋ 9. Plaintiff sought $213,000 for tuition, and the DOE has paid $328,159.60 towards the Student's pendency tuition. *Id.* Plaintiff sought $127,333 for transportation, and the DOE has paid $127,333 towards the Student's pendency transportation. *Id.* Finally, Plaintiff sought $303,280 for nursing, and DOE has paid $303,280 towards the Student's pendency nursing. *Id.*

This Court has previously concluded that a case is not rendered moot where plaintiffs receive all requested relief through the DOE's full implementation of a pendency order, because such claims are capable of repetition yet evading review. *See Cohen v. Aviles-Ramos et al.,* 25 Civ. 1195 (JMF), 2025 WL 3715102 at \*10 (S.D.N.Y. Dec. 22, 2025). That reasoning, however, does not apply here. Unlike in *Cohen,* the IHO expressly determined in the present case that the Parent failed to establish the appropriateness of the private placement, which is a burden they must satisfy under Prong II. ECF No. 18-7 at 9; *see also R.E. v. New York City Dep't of Educ.,* 694 F.3d 167, 185 (2d Cir. 2012) (". . .the parents bear the burden of establishing the appropriateness of their private placement and that the equities favor them.") Thus, where the underlying IDEA claims have been resolved against the Parents, there is no reasonable expectation that the same alleged violation will recur. Accordingly, the issue is not capable of repetition for mootness purposes.

Therefore, Plaintiff's request for implementation of the underlying administrative orders for payment of tuition for N.A. should be dismissed as moot. \

11

## POINT III

### PLAINTIFF'S CLAIMS FOR ATTORNEYS' FEES ARE UNRIPE.

Plaintiff also seeks attorneys' fees and costs, which is completely premature at this stage. Plaintiff is not entitled to fees in this case because Plaintiff cannot be deemed the prevailing party. Under the IDEA, "in any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party." 20 U.S.C. § 1415(i)(3)(B)(i)(l). To become a prevailing party entitled to shift fees, a party must achieve "an enforceable alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 592 (2001) (Scalia, J., concurring). The Second Circuit has made it clear, "one must either secure a judgment on the merits or be a party to settlement agreement that is expressly enforced by the court through a consent decree." *See J.C. v. Regional Sch. Dist. 10*, 278 F.3d 119, 123 (2d. Cir. 2002) (holding that Buckhannon applies to attorney's fees cases brought under the IDEA).

No such alteration has occurred here. Plaintiff has not succeeded at the administrative level. Indeed, Plaintiff's case was completely dismissed at the administrative level. Thus, Plaintiff has not prevailed and is not entitled to attorneys' fees for either the administrative or present federal action.

## POINT IV

### PLAINTIFF'S CLAIM FOR LATE FEES IS MERITLESS AND SHOULD BE DISMISSED UNDER RULE 12(B)(6).

Plaintiff's claims regarding "late fees" are baseless and should be dismissed under Rule 12(b)(6). Even construed liberally, a complaint may be dismissed where a plaintiff cannot prove any set of facts that would entitle him to relief. *See United States v. Medtronic, Inc.,* 18 Civ.

12

1628, 2024 WL 4165522 at *3 (S.D.N.Y. Sept. 12, 2024) (*quoting Faber v. Metro. Life Ins. Co.,* 648 F.3d 98, 104 (2d Cir. 2011)). Here, Plaintiff's claim for late fees is speculative and lacks any legal basis for relief, as the DOE's payment obligations do not extend beyond those explicitly set forth in the administrative order. Plaintiff's attempt to impose additional financial liability on the DOE is improper and should be dismissed.

As this Court previously held in *Chaperon*, ". . . late fees are not properly included within the scope of the pendency orders." *Chaperon v. Banks*, 24 Civ. 5135 (JAV), 2025 WL 2207908 at *21 (S.D.N.Y. Aug. 4, 2025). Accordingly, any claim for late fees must be denied. Defendants maintain that the scope of their funding obligations are limited to the plain text of the controlling order—not the language set forth in Plaintiff's contractual agreements with service providers to which Defendants are not a party. *See Davis v. Banks*, No. 22-cv-8184 (JMF), 2023 U.S. Dist. LEXIS 160092 at *13 (S.D.N.Y. Sep. 11, 2023) ("[T]he DOE is not a party to each Plaintiff's contract with [the service provider]. Instead, the sole source of the DOE's reimbursement obligations in each Plaintiff's case is the applicable administrative order."); *see also De Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 532 (2d. Cir. 2020) (observing that DOE's "legal responsibility to pay" arose from final, unappealed administrative order); *Mendez v. Banks*, 65 F.4th 56, 61 (2d Cir. 2023) (determining that DOE's funding obligations are based on the underlying pendency orders).

There is nothing in the controlling administrative orders which direct DOE to pay late fees. *See generally Mendez v. Aviles-Ramos,* 25 Civ. 01096, 2025 WL 2793755 (S.D.N.Y. Oct. 1, 2025), ECF Nos. 18-3. Consequently, there is no basis for DOE to pay any late fees associated with Plaintiff's contracts with iBrain, Sisters, or B&H Health. *See also Chaperon*, 2025 WL 2207908 at *21 (holding that "[e]ven if the late fee argument had not been waived, however, and

13

the Court were to reach the merits, the Court holds in the alternative that late fees are not properly included within the scope [] of the pendency orders. The orders in question require payment of 'tuition' only. None of the administrative orders make reference to late fees."). Here, SRO Bates modified the Pendency Order, simply requiring Defendants to fund base tuition and transportation for N.A. ECF No. 18-6 at 23. There is no mention of late fees. *Id.* Again, as in *Chaperon*, "Plaintiffs cannot read into the pendency orders additional requirements that the IHO neither considered nor ordered." *Chaperon*, 2025 WL 2207908 at *22.

Accordingly, where Defendants are not a party to the private contracts negotiated between the Parent and the third-party private providers, and where Defendants have fulfilled their obligation under the Pendency Order, Plaintiff cannot enforce the late fee terms upon Defendants. *See Davis*, 2023 U.S. Dist. LEXIS 160092, at *13 (finding that DOE was not obligated to reimburse late fees pursuant to pendency and where they were not a party to the private contracts with providers). Plaintiff's claims for late fees are thus, merely speculative. Because Plaintiff does not state a basis of relief to which they are entitled, the claims for late fees should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should dismiss Plaintiff's Complaint with prejudice, and grant Defendants such other and further relief that the Court deems just and proper.


Dated:        January 9, 2026
              New York, New York


14

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007


By:      /s/ *Taylor B. Fowlks*
        Taylor B. Fowlks
        *Assistant Corporation Counsel*
        (212) 356-3504
        tfowlks@law.nyc.gov

## CERTIFICATE OF COMPLIANCE

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Civil Rules for the Southern and Eastern Districts of New York, the enclosed memorandum of law is produced using 12-point Times New Roman type, and excluding the cover page, captions, table of authorities, and table of contents, contains approximately 4,203 words, which is less than the total words permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated:        New York, New York
              January 9, 2025

                                                    /s/        *Taylor B. Fowlks*
                                                    Taylor B. Fowlks
                                                    *Assistant Corporation Counsel*

16